**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT LEE CHILDRESS, Jr.,

        Petitioner,

v.

        CIVIL NO. 2:10-CV-11554
        HONORABLE MARIANNE O. BATTANI
        UNITED STATES DISTRICT COURT

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Robert Lee Childress, Jr., ("Petitioner"), presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] In his *pro se* application, petitioner challenges his pending prosecution in the Macomb County Circuit Court for several unspecified felony offenses. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner was arrested by the Macomb County Sheriff's Department on January 4, 2008 for unspecified criminal activity, but was released to the Oakland

---

[1] Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of any crimes, it is proper for him to seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. See *Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

1

County Sheriff's Department pending further investigation. In August and September of 2008, petitioner was arraigned in the 41A District Court and the 39th District Court "for several offenses relating to the theft of his own property and fraudulent activity at the secretary of state's office."[2] Petitioner claims that these charges remain pending before Judge Matthew S. Switalski of the Macomb County Circuit Court in Case ## 09-1538-FH and 09-3052-FH.

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Actual Innocence.
II. Malicious Prosecution.
III. Violation of due process and equal protection of the law.
IV. Jurisdictional Defect.
V. False imprisonment.
VI. Illegal search and seizure.

## II. Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of any criminal charges in this case. In the absence of "special circumstances", federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of*

---

[2] *See* Application for Pre-Trial Writ of Habeas Corpus Ad Subjicienum Pursuant to 28 U.S.C. § 2241, p. 3.

*Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Satter v. Leapley*, 977 F. 2d 1259, 1261 (8th Cir. 1992); *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that the pending prosecution violates his rights under

3

the Double Jeopardy Clause.

Another exception to this rule would involve a pretrial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547. In his fourth claim, petitioner contends that the prosecution has violated the 180 day rule, in violation of his Sixth Amendment right to a speedy trial, and that as a result, the state court has lost jurisdiction over his case. Petitioner claims that he has a pending motion to dismiss before the trial court on this issue.

This Court is unable to provide petitioner with the relief he seeks. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999). In this case, petitioner does not ask this Court to force a trial or sentencing in the state court in order to protect his constitutional right to a speedy trial. Rather, he asks the Court to dismiss this pending state criminal case outright, something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the

conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted). [3]

With respect to petitioner's Fourth Amendment challenges to the arrest or to the search and seizure in this case, petitioner is not entitled to prejudgment habeas relief, because he will have an opportunity to raise objections to his arrest or to any searches by the police in the state trial court. *See United States ex. rel. Hill v. Hendricks,* 321 F. Supp. 300, 302 (E.D. Pa. 1970). Likewise, petitioner's claim that he was bound over to trial without being afforded a preliminary examination can also be challenged in the state courts. *See Malone v. State of Tenn.,*432 F. Supp. 5, 5-6 (E.D. Tenn. 1976). Petitioner's claim that there is insufficient evidence to support charging him with these crimes or that the trial court lacks jurisdiction over his case can be effectively vindicated in the state

---

[3] Moreover, assuming that petitioner was seeking to compel the state court to bring him to trial, his habeas petition would be premature because petitioner's motion to dismiss is still pending in the trial court. *See Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981). The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson,* 82 Fed.Appx. 459, 461-62 (6th Cir. 2003). Petitioner would not entitled to a writ of habeas corpus to compel the state trial court to bring him to trial in a prompt manner, because he has not exhausted his state court remedies with respect to any such claim. *Dickerson,* 816 F. 2d at 228. Under Michigan law, if a criminal defendant's pre-trial motion is improperly overruled, he may file an emergency interlocutory appeal with the Michigan appellate courts. *See People v. Reid,* 113 Mich. App. 262, 268; 317 N.W. 2d 589 (1982). To the extent that petitioner alleges that the trial court has failed to adjudicate his pre-trial motion in a timely manner, petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Macomb County Circuit Court to adjudicate his pre-trial motion. If the Michigan Court of Appeals failed to issue an order of superintending control, petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6). Although petitioner claims that it would be futile to exhaust his remedies in state court, petitioner's failure to pursue his claims in state court "disqualifies his case from consideration under the narrow exception[to the exhaustion requirement]". *Dillon,* 82 Fed. Appx. at 462.

courts to preclude petitioner from obtaining prejudgment habeas relief. *See Hirsch,* 66 F. Supp. 2d at 987.

Accordingly, the Court will deny the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998)(pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063,

6

1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
UNITED STATES DISTRICT JUDGE

DATED: May 17, 2010

CERTIFICATE OF SERVICE

7

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record.

s/Bernadette M. Thebolt  
Case Manager